599 F.2d 485
 Antonio Ramos RUIZ, Plaintiff, Appellant,
v.
ADMINISTRATOR OF CORRECTIONS AND PAROLE BOARD OF the
COMMONWEALTH OF PUERTO RICO, Defendant, Appellee.
Luis Antonio Diaz GONZALEZ, Plaintiff, Appellant,
v.
Juan A. DEL VALLE, etc., Defendant, Appellee.
Reinaldo Rivera TORRES, Plaintiff, Appellant,
v.
Irba M. Cruz DE BATISTA, etc., et al., Defendants, Appellees.
 Nos. 78-1548, 79-1011, and 79-1016.
 United States Court of Appeals,
First Circuit.
 Argued May 7, 1979.
Decided June 20, 1979.
 
 Jose E. Fernandez-Sein, Santurce, P. R., for plaintiffs, appellants.
 Lorraine Riefkohl De Lopez, Asst. Sol. Gen., Dept. of Justice, with whom Hector A. Colon-Cruz, Sol. Gen., San Juan, P. R., was on brief, for defendants, appellees.
 Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and MURRAY, Senior District Judge.*
 LEVIN H. CAMPBELL, Circuit Judge.
 
 
 1
 Plaintiffs, while inmates in Puerto Rican prisons, filed separate pro se mandamus petitions basically seeking adherence to the procedures for rendering parole decisions specified in the stipulation for the entry of judgment in Montero Torres v. Hernandez Colon, No. 75-828 (D.P.R. Sept. 19, 1977). That judgment sets forth, Inter alia, the time limits within which prisoners' records are to be forwarded to the parole board and the board's decision thereon is to be rendered, time limits allegedly not adhered to in plaintiffs' cases. The district court, rejecting the magistrate's recommendations that the petitions be filed as complaints under 42 U.S.C. § 1983, apparently construed the petitions as challenges to the fact or duration of confinement and therefore dismissed them in accordance with Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), but without prejudice. Plaintiffs claim the district court misread their petitions for they were not challenges to the length of their confinement and thus governed by Preiser v. Rodriguez, but were proceedings in contempt for violations of rights secured to them by the judgment in Montero Torres.
 
 
 2
 Plaintiffs object both (1) to the merits of the court's orders and (2) to the procedure the district court followed in processing their petitions. We discuss each of these issues in turn, first turning to the merits.
 
 
 3
 At oral argument we were informed that two of the three cases are now moot. Plaintiff Ramos Ruiz, No. 78-1548, alleged he had completed the minimum term of his sentence but that his record had not yet been sent to the parole board for its determination. Subsequent to the filing of the petition, the records were apparently sent as Ramos Ruiz has since been denied parole. Plaintiff Rivera Torres, No. 79-1016, alleged, Inter alia, that the parole board had not rendered its decision within the time specified in Montero Torres. Rivera Torres was subsequently granted parole. Thus, both plaintiffs have received the relief to which they were entitled for the violations alleged a decision by the parole board.
 
 
 4
 Plaintiff Diaz Gonzalez's action, however, is not moot. He alleged that on January 19, 1978, the parole board had held a hearing and had decided to postpone its decision for not more than 150 days but as of August 30, 1978, the date the petition was drafted, had not yet rendered a decision in violation of the order entered in Montero Torres. Paragraph 10 of said order provides, in part:
 
 
 5
 "Any felon whose case is not decided (by the parole board) within thirty (30) days from the date of the hearing or within two hundred ten (210) days from the date of the hearing in the case of a postponement of decision, shall have the right to seek redress from the Court, pursuant to Paragraph 12 of this Stipulation. ([1] "
 
 
 6
 Under the less stringent standards applicable to pro se pleadings, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Guerro v. Mulhearn, 498 F.2d 1249, 1256 (1st Cir. 1974), we believe Diaz Gonzalez sufficiently set forth conduct which constitutes the alleged contempt, and therefore his petition should not have been dismissed. We, of course, do not mean to imply any views as to the actual merits of Diaz Gonzalez's claim. Accordingly, we reverse and remand in case No. 79-1011 and dismiss in Nos. 78-1548 and 79-1016.
 
 
 7
 While this disposes of the merits, we address plaintiffs' objections to the procedure the district court utilized in reviewing their pro se petitions.
 
 
 8
 Plaintiffs inform us that prisoners incarcerated in Puerto Rico are aware of Montero Torres and consequently many petitions ostensibly based thereon are filed which may be inartfully drafted and not present all the relevant claims available to the prisoner. Plaintiffs argue that an efficient procedure whereby Puerto Rico Legal Services can screen the myriad pro se petitions, determine which claim violations of rights secured by Montero Torres, and then process those speedily by proceedings in contempt is needed. Plaintiffs contend the court's dismissal, based on no further information than that provided by the handwritten pro se petitions, is not responsive to the prisoners' needs to have their claims properly and speedily articulated. Plaintiffs would have preferred the court to retain jurisdiction, as the magistrate recommended, and appoint Puerto Rico Legal Services as plaintiffs' counsel.
 
 
 9
 Whatever would have been the advantages of having retained jurisdiction and having brought in lawyers to screen and possibly propose amendments, we cannot say the court's procedure constituted an abuse of discretion. If, in fact the particular complaints had been insufficient, as the court thought, the court would have been empowered to dismiss them. Here, the dismissals were without prejudice, and the court ordered that copies of the plaintiffs' complaints, magistrate's report, and district court's order be sent to the defendants, the Attorney General, the Solicitor General, and the Administrator of Corrections of Puerto Rico, all of whom were "urged to take immediate steps to correct plaintiff's charges," and to Jose Fernandez-Sein, plaintiffs' present counsel, of Puerto Rico Legal Services. Thus, without our holding that such was required, an opportunity for Legal Services' screening was in fact provided, and plaintiffs were left free to file a new complaint with whatever additional allegations deemed relevant.
 
 
 10
 Plaintiffs are concerned that the procedure utilized by the district court will provide ineffective relief to prisoners with Montero Torres claims whose sentences are short and who may therefore find their claims moot before Legal Services is able to process them. But given the chronology here, we cannot see that plaintiffs were harmed even assuming Arguendo, that the court was responsible for assisting them to the degree plaintiffs urge. Ramos Ruiz's petition was dated July 17, 1978, the magistrate's report was filed September 12, 1978, and the district court's order of dismissal was dated September 28, 1978; Diaz Gonzalez's petition was dated August 30, 1978, the magistrate's report filed September 12, 1978, and the district court order September 28, 1978; Rivera Torres' petition dated September, 1978 was ordered dismissed on September 28, 1978. In light of this history, resolution of the simple issue argued here, dismissal without prejudice versus retention with leave to amend, would not provide an answer to the problem, if any there be, of delay. While plaintiffs have directed our attention to various alternatives for processing prisoners' pro se complaints, See Taylor v. Gibson, 529 F.2d 709, 717 (5th Cir. 1976) for a discussion of some of these, on the present record we find no abuse of discretion in the manner the district court chose for handling the petitions.
 
 
 11
 So ordered.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation
 
 
 [1]
 Paragraph 12 provides
 "Any judgment entered hereon shall be subject to the continuing jurisdiction of the United States District Court for the District of Puerto Rico for enforcement."